UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Penapu Nena Mudung, | Case No. 2:25-cv-02345-CDS-MDC |
| Petitioner | **Order Granting in Part the Petitioner's Amended Petition** |
| v. | |
| John Mattos, et al., | [ECF Nos. 8, 15] |
| Respondents | |

Petitioner Penapu Nena Mudung filed an amended petition, asserting three claims: (1) violation of his Fifth Amendment right to due process; (2) violation of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a)(6); and (3) violation of the Administrative and Procedure Act (APA), 5 U.S.C. § 706. The respondents' deadline to respond to Mudung's amended petition was January 7, 2026. *See* Order, ECF No. 13. That deadline has since passed without any response from the respondents. Now, Mudung moves to grant the amended petition as unopposed, or, alternatively, for a status check to address the government's failure to respond. Mot., ECF No. 15. Because Mudung's amended petition is unopposed, I grant his motion in part. Specifically, I grant his first claim for relief—the due process violation—but decline to decide the other claims on the merits, so claims two and three are dismissed without prejudice.

I.    Background[1]

Mudung is a native and citizen of Sudan who was ordered removed to Sudan in January of 2009. ECF No. 8 at 3–4. As alleged, he was detained for approximately 90 days following the order but was released because ICE could not effectuate his removal. *Id.* at 4. Then, in 2018, Mudung was arrested by ICE officials. *Id.* During this detention, he filed a habeas petition under

---

[1] Unless otherwise noted, the court only cites to Mudung's amended petition (ECF No. 8) to provide context to this action, not to indicate a finding of fact.

28 U.S.C. § 2241. *Id.* at 4–5. But he ultimately was released and his petition was denied as moot. *Id.*

On May 14, 2025, Mudung was re-detained by ICE, even after having complied with ICE's requests to seek travel documents. *Id.* at 5. While detained, an ICE officer had Mudung call the Sudanese consulate, and the consulate informed him that Sudan could not issue travel documents because there are no records indicating that he is a Sudanese citizen or that he ever lived in Sudan. *Id.*

Mudung now asserts three claims for relief in his amended petition. First, he claims that his "continued indefinite detention . . . violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable." ECF No. 8 at 14. He specifically argues that the 90-day removal period of 8 U.S.C. § 1231(a)(3) applies to his detention and that, because he has been detained for more than 90 days, *Zadvydas v. Davis*[2] requires his immediate release. Second, he claims that his continued detention violates § 1231(a)(6) of the INA because his detention is "unreasonable" and "driven by seeping and arbitrary DHS policies." *Id.* at 16. Third, he claims that "ICE's policy to remove noncitizens to a third country with no notice or opportunity to seek fear-based protection violates his Fifth Amendment right to due process and constitutes arbitrary and capricious agency action in violation" § 706 of the APA. *Id.*

## II.    Discussion

As a threshold matter, I find that I have jurisdiction over this action because Mudung is challenging the constitutionality of his immigration-related detention. *See Zadvydas*, 533 U.S. at 688 (explaining a district court may review immigration-related detentions to determine if they comport with the requirements of the Constitution).

As for due process, the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Authority delegated to the Attorney General—such as those related to immigration proceedings—is still subject to due

---

[2] 533 U.S. 678 (2001).

process's requirements. *See id.* at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."). And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979). Detention beyond this 90-day period is allowed only for a reasonable period. *Zadvydas*, 533 U.S. at 701. A period of detainment of six months or less is considered presumptively reasonable. *Id.* After six months, the government bears the burden of rebutting the petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

Here, the removal period began on January 8, 2009, because that is when the order of removal was entered. He was detained for the initial 90-day removal period after that order was entered, he was detained for another six months after ICE arrested him in 2018, and he was re-detained for over seven months after ICE arrested him again in May 2025. Thus, because Mudung has been detained for over 90 days, the *Zadvydas* framework applies. Mudung has shown that there is no likelihood of his removal in the reasonable future. This is because neither Sudan nor South Sudan will accept Mudung, and the government has not shown a specific plan to deport him or made a third country designation, *see* ECF No. 8 at 15; ECF No. 1-1 at 2–3, 8, and because the respondents failed to respond there is no evidence to show there are *any* efforts whatsoever to remove Mudung. Therefore, pursuant to *Zadvydas*, Mudung must be immediately released.

Accordingly, I grant Mudung's first claim for relief (due process). And because he is entitled to relief under claim one, I decline to address his second and third claims on the merits, so they are dismissed without prejudice.

III.     Conclusion

IT IS HEREBY ORDERED that the petitioner's motion to grant the amended petition **[ECF No. 15] is granted in part.** The amended petition's [ECF No. 8] first claim is granted, and its second and third claims are dismissed without prejudice.

IT IS FURTHER ORDERED that the respondents must release petitioner pursuant to the same order of supervision he was subject to prior to his re-detention on May 14, 2025, within 48 hours of this order.

IT IS FURTHER ORDERED that the respondents must file a notice of compliance confirming Mudung's release pursuant to this order on or before February 3, 2026.

Dated: January 27, 2026

_____
Cristina D. Silva
United States District Judge

4